## JAFFE v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term.  February 27, 1906.)

1. WITNESSES — CONTRADICTION — EVIDENCE — ADMISSIBILITY — TESTIMONY ON FORMER TRIAL.

The unverified minutes of the stenographer on a former trial were inadmissible to contradict a witness.

2. WITNESS—CROSS-EXAMINATION.

A witness undertaking to verify the minutes of the stenographer on a former trial, introduced to contradict a witness, is subject to cross-examination.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Henry H. Jaffe against the Pennsylvania Railroad Company.  From a judgment in favor of plaintiff, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Robinson, Biddle & Ward (Charles M. Hough and Norman B. Beecher, of counsel), for appellant.

Aaron J. Levy, for respondent.

SCOTT, P. J.  The record discloses one error in the admission of testimony so glaring and vital that it calls for the reversal of the judgment without considering any other question in the case.  The action is for the recovery of the value of the contents of a bag checked by plaintiff as baggage, but which it is alleged really contained merchandise.  The vital question in the case is whether plaintiff disclosed the nature of the contents of the bag to defendant's baggage man.  Upon a former trial a judgment was rendered for defendant, but was reversed because this court (94 N. Y. Supp. 1150) considered that there was evidence of knowledge on the part of the baggageman; that evidence consisting, in the main, of evidence given by the baggageman himself.  Upon the present trial the plaintiff testified, with rather more positiveness and particularity than on the former trial, as to his notification to the baggageman of the contents of his bag.  In order to show what defendant claimed to be discrepancies between plaintiff's testimony on the former trial and that given on this, the defendant read in evidence, with the express consent of plaintiff's counsel, the minutes of plaintiff's evidence on the former trial.  Later the defendant's baggageman was called as a witness, and the plaintiff desired to show variance in his testimony as compared with that on the former trial, and for that purpose offered in evidence the entire testimony given on the former trial as contained in the transcript attached to the return on appeal.  To this defendant objected, stating his grounds therefor, and afterward when it was attempted to use the minutes renewed the objection.  Notwithstanding these objections, the minutes were admitted, and the defendant duly excepted.  It is too clear to admit even of argument that this constituted reversible error.  It is always competent to contradict a witness by showing that he swore differently upon a former trial, but in order to do this it is necessary to offer legal proof as to

what he did testify to. The transcript of the stenographer's minutes, unverified by him, are no evidence at all. The party against whom it is desired to use such evidence is entitled to insist that the correctness of the minutes be properly proven, and this involves the right to cross-examine whoever is produced to verify them.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.